UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
MICHAEL HUNTER )
      Petitioner, )
)
v. ) Civil Action No. 05-10904-NG
)
LUIS SPENCER )
      Respondent. )
)

**RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION TO DISMISS**

This memorandum is submitted in support of Luis Spencer's (the respondent) Motion to Dismiss the habeas corpus petition filed by Michael Hunter (the petitioner) on the ground that it is time-barred under 28 U.S.C. § 2244(d)(1). The respondent has not answered the petition and his remaining defenses are not briefed in light of this motion.[1]

**PRIOR PROCEEDINGS**

On July 1, 1993, a Middlesex County grand jury returned indictments against the petitioner for unarmed robbery and first degree murder. See docket sheets attached, p. 3. A jury trial commenced on November 16, 1994, (Justice Patrick King, presiding). See docket, p. 7. On December 7, 1994, the jury found the petitioner guilty of both indictments. See docket, p. 8. Judge King sentenced the petitioner to a life sentence for the murder conviction and to and concurrent term of eighteen to twenty years on the unarmed robbery

---

[1] Since it is clear from the face of the petition and the attached docket sheets that it is time-barred, the respondent will not, in the interest of economy, answer the petition or address any additional affirmative defenses. Should this Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petitioner or file a supplemental memorandum which addresses the additional affirmative defenses and/or the merits of the petition.

conviction. See docket, p. 8. The petitioner filed a notice of appeal on December 29, 1994. See docket, p. 9.

The Supreme Judicial Court affirmed the petitioner's convictions on February 20, 1998. *Commonwealth v. Hunter*, 426 Mass. 715, 690 N.E.2d 815 (1998). See docket, p. 10. On October 23, 2003, the petitioner filed a motion for new trial. See docket, p. 10. Judge Brassard denied this motion on June 25, 2004. The petitioner claims to have filed an application for leave to appeal the denial of his new trial motion, but that the SJC has not ruled on the application.[2]

## *ARGUMENT*

I. **THE HABEAS CORPUS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS.**

Pursuant to 28 U.S.C. § 2244(d), as amended by the AEDPA:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the

---

[2] The SJC for Suffolk County confirmed that they had received an application to proceed in forma pauperis and a "petition for leave to be heard on the original record" in August 2004, but had not received the proper documents that would constitute an application for leave to appeal.

>   Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petition in this case was filed on April 28, 2005. For purposes of the AEDPA, enacted on April 24, 1996, the petitioner had one year after his conviction became final by the conclusion of direct review, which includes a ninety day period after the SJC's decision in which he could have filed a petition for certiorari to the Supreme Court. § 2244(d)(1)(A). Thus, the petitioner's conviction became final on May 20, 1998. He then had one year, or until May 20, 1999 to file a habeas corpus petition or a post-conviction motion, which would have tolled the statute of limitations. See § 2244(d)(2). The petitioner did file a post-conviction motion, but not until October 23, 2003, more than four years after the one year statute of limitations period had expired. Therefore, his petition for habeas corpus, filed on April 28, 2005, almost seven years after his conviction became final, and almost six years after the one year statute of limitations period expired, is time-barred under the statute of limitations for habeas petitions set forth in 28 U.S.C. §2244(d), and must be dismissed.

**CONCLUSION**

For the foregoing reasons, the petition for habeas corpus relief should be dismissed with prejudice.

                    Respectfully submitted,
                    THOMAS F. REILLY
                    Attorney General

                    /s/ Susanne G. Reardon
                    Susanne G. Reardon, BBO # 561669
                    Assistant Attorney General
                    Criminal Bureau
                    One Ashburton Place
                    Boston, Massachusetts 02108
                    (617) 727-2200, ext. 2832

Date: May 27, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on

Michael Hunter, pro se
MCI Norfolk, P.O. Box 43
2 Clark Street
Norfolk, MA 020256

by first class mail, postage prepaid, on May 27, 2005.

                    /s/ Susanne G. Reardon
                    Susanne G. Reardon
                    BBO # 561669
                    Assistant Attorney General
                    Criminal Bureau
                    One Ashburton Place
                    Boston, Massachusetts 02108
                    (617) 727-2200, ext. 2832

# Commonwealth of Massachusetts
# MIDDLESEX SUPERIOR COURT
# Case Summary
# Criminal Docket

## Commonwealth v Hunter, Michael K

Details for Docket: MICR1993-01084

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | MICR1993-01084 | **Caption:** | Commonwealth v Hunter, Michael K |
| **Entry Date:** | 07/01/1993 | **Case Status:** | Crim 3 (8A Cambridge) |
| **Status Date:** | 07/13/2004 | **Session:** | Disposed (appeal pending) |
| **Lead Case:** | NA | **Deadline Status:** | Deadline act |
| **Trial Deadline:** | 07/21/1993 | **Jury Trial:** | YES |

## Parties Involved

2 Parties Involved in Docket: MICR1993-01084

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Hunter | **First Name:** | Michael K |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

5 Attorneys Involved for Docket: MICR1993-01084

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | MA90 |
| **Last Name:** | Muse | **First Name:** | Christopher J |
| **Address:** | ***ASSOC JUSTICE*** | **Address:** | 90 Devonshire Street |
| **City:** | Boston | **State:** | MA |

| | | | |
|---|---|---|---|
| **Zip Code:** | 02109 | **Zip Ext:** | |
| **Telephone:** | 617-788-8130 | **Tel Ext:** | |
| **Fascimile:** | 617-788-8137 | **Representing:** | Hunter, Michael K (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Weinstein | **First Name:** | Elliot M |
| **Address:** | 228 Lewis Wharf | **Address:** | |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02110 | **Zip Ext:** | |
| **Telephone:** | 617-367-9334 | **Tel Ext:** | |
| **Fascimile:** | 617-367-7358 | **Representing:** | Hunter, Michael K (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | MIDD02 |
| **Last Name:** | Grant | **First Name:** | Marguerite T |
| **Address:** | 40 Thorndike Street | **Address:** | Appeals |
| **City:** | Cambridge | **State:** | MA |
| **Zip Code:** | 02140 | **Zip Ext:** | |
| **Telephone:** | 617-494-4050 | **Tel Ext:** | |
| **Fascimile:** | 617-225-0871 | **Representing:** | |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | MIDD02 |
| **Last Name:** | Lynch | **First Name:** | Adrienne C |
| **Address:** | 40 Thorndike Street | **Address:** | Courthouse |
| **City:** | East Cambridge | **State:** | MA |
| **Zip Code:** | 02141 | **Zip Ext:** | |
| **Telephone:** | 617-494-4050 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | MA02 |
| **Last Name:** | Leone Jr | **First Name:** | Gerard T |
| **Address:** | 1 Ashburton Place | **Address:** | |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02108 | **Zip Ext:** | |
| **Telephone:** | 617-727-2200 | **Tel Ext:** | 2810 |
| **Fascimile:** | 617-727-5755 | **Representing:** | |

## Calendar Events

33 Calendar Events for Docket: MICR1993-01084

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 07/21/1993 | 11:00 | Arraignment | 2 | Event held as scheduled |
| 2 | 08/04/1993 | 14:00 | Conference: Pre-Trial | 2 | Event held as scheduled |
| 3 | 09/08/1993 | 14:00 | Hearing: Misc Matters | 2 | Event continues over multiple days |
| 4 | 09/21/1993 | 08:30 | Hearing: Misc Matters | 2 | Event continues over multiple days |
| 5 | 10/21/1993 | 14:00 | Hearing: Misc Matters | 2 | Event continues over multiple days |
| 6 | 11/01/1993 | 14:00 | Hearing: Misc Matters | 2 | Event continues over multiple days |
| 7 | 11/10/1993 | 14:00 | Hearing: Misc Matters | 2 | Event continues over multiple days |
| 8 | 12/01/1993 | 14:00 | Hearing: Misc Matters | 2 | Event held as scheduled |
| 9 | 01/19/1994 | 14:00 | Conference: Status Review | 2 | Event continues over multiple days |
| 10 | 01/21/1994 | 14:00 | Conference: Status Review | 2 | Event continues over multiple days |
| 11 | 02/23/1994 | 14:00 | Conference: Status Review | 2 | Event held as scheduled |
| 12 | 03/25/1994 | 14:00 | Conference: Trial Assignment | 2 | |
| 13 | 05/03/1994 | 14:00 | Conference: Trial Assignment | 2 | Event canceled not re-scheduled |
| 14 | 05/31/1994 | 09:00 | Hearing: Motion | 1 | Event held as scheduled |
| 15 | 07/27/1994 | 09:00 | Conference: Status Review | 1 | |
| 16 | 08/03/1994 | 09:00 | Status: Review by Session | 1 | |
| 17 | 09/13/1994 | 09:00 | Status: Review by Session | 1 | Event held as scheduled |
| 18 | 09/26/1994 | 09:00 | Conference: Trial Assignment | 1 | Event held as scheduled |
| 19 | 11/07/1994 | 09:00 | TRIAL: by jury | 1 | |
| 20 | 11/14/1994 | 09:00 | Hearing: Motion | 3 | Trial begins |
| 21 | 11/14/1994 | 09:00 | TRIAL: by jury | 1 | |
| 22 | 11/15/1994 | 09:00 | Hearing: Motion | 3 | Event held as scheduled |
| 23 | 11/16/1994 | 09:00 | TRIAL: by jury | 3 | Trial begins |
| 24 | 11/21/1994 | 09:00 | TRIAL: by jury | 3 | Trial begins |
| 25 | 11/22/1994 | 09:00 | TRIAL: by jury | 3 | Trial begins |
| 26 | 11/23/1994 | 09:00 | TRIAL: by jury | 3 | Trial begins |
| 27 | 11/25/1994 | 09:00 | TRIAL: by jury | 3 | Trial begins |
| 28 | 11/28/1994 | 09:00 | TRIAL: by jury | 3 | Trial begins |
| 29 | 11/30/1994 | 09:00 | TRIAL: by jury | 3 | Trial begins |
| 30 | 12/01/1994 | 09:00 | TRIAL: by jury | 3 | Trial begins |
| 31 | 12/02/1994 | 09:00 | TRIAL: by jury | 3 | Trial begins |
| 32 | 12/05/1994 | 09:00 | TRIAL: by jury | 3 | Trial begins |
| 33 | 12/06/1994 | 09:00 | TRIAL: by jury | 3 | Event held as scheduled |

## Full Docket Entries

327 Docket Entries for Docket: MICR1993-01084

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 07/01/1993 | 1 | Indictment returned |
| 07/01/1993 | | Order of notice of finding of murder indictment |
| 07/01/1993 | | Notice & copy of indictment sent to Chief Justice & Atty Gen |

| Date | # | Entry |
|---|---|---|
| 07/01/1993 | | Notice & copy of indictment & entry on docket sent to Sheriff |
| 07/14/1993 | 2 | Request For Writ Of Habeas Corpus To Receive. |
| 07/14/1993 | | Habeas corpus for Deft at Concord MCI issued for 7/21/93 at 11:00 |
| 07/14/1993 | | A.M. |
| 07/21/1993 | 3 | Affidavit of indigency filed; approved (Robert A Barton, Justice) |
| 07/21/1993 | | Appearance of Commonwealth's Atty: Lynch |
| 07/21/1993 | | Appearance of Deft's Atty: Muse |
| 07/21/1993 | | Deft arraigned before Court |
| 07/21/1993 | | RE offense 1: Plea of not guilty |
| 07/21/1993 | | RE offense 2: Plea of not guilty |
| 07/21/1993 | | Held without bail or mainprise (Robert A Barton, Justice) |
| 07/21/1993 | | Mittimus without bail issued. |
| 07/21/1993 | | Continued until 8/4/93 for PTC by agreement. |
| 07/21/1993 | | Reporter present: Nancy Lowney |
| 07/21/1993 | 4 | Commonwealth Files Notice Of Discovery. |
| 08/04/1993 | 5 | Pre-trial conference report, filed in Court. |
| 08/04/1993 | | Continued until 9/8/93 for NEM by agreement. |
| 08/04/1993 | | Reporter present: Betty Buchanan |
| 09/08/1993 | | Continued until 9/21/93 for NEM by agreement. |
| 09/08/1993 | | Reporter present: Nancy Lowney |
| 09/08/1993 | 6 | Motion by Deft: To Be Furnished With Criminal Records, Juvenile |
| 09/08/1993 | 6 | Records And Probation Records. |
| 09/08/1993 | 7 | Motion by Deft: To Inspect Scene. |
| 09/08/1993 | 8 | Motion by Deft: For Approval Of Funds For Expert Witness. |
| 09/08/1993 | 9 | Motion by Deft: For Approval Of Funds For Expert Witness. |
| 09/08/1993 | 10 | Motion by Deft: For Leave To File Further Request For Approval Of |
| 09/08/1993 | 10 | Funds For Expert Witnesses. |
| 09/08/1993 | 11 | Motion by Deft: For Allowance Of Investigative Fees. |
| 09/08/1993 | 12 | Motion by Deft: For Issue Of Idigent Summons. |
| 09/08/1993 | 13 | Motion by Deft: To Inspect And Copy Notes Of Statements Of Defendant |
| 09/08/1993 | 13 | And Witnesses. |
| 09/08/1993 | 14 | Motion by Deft: To Extend Time For Additional Non-Evidentiary |
| 09/08/1993 | 14 | Motions. |
| 09/08/1993 | 15 | Motion by Deft: To Preserve Evidence. |
| 09/08/1993 | 16 | Motion by Deft: To Be Furnished With Statements Of Promise, Rewards |
| 09/08/1993 | 16 | Or Inducements. |
| 09/21/1993 | | Continued until 10/21/93 for NEM by agreement. |
| 09/21/1993 | | Reporter present: Nancy Lowney |
| 09/21/1993 | | Deft Motion #8 allowed not to exceed $3500 (Robert A Barton, Justice) |
| 09/21/1993 | | Deft Motion #9 allowed not to exceed $2500 (Robert A Barton, Justice) |
| 09/21/1993 | | Deft Motion #10 allowed (Robert A Barton, Justice) |
| 09/21/1993 | | Deft Motion #11 allowed not to exceed $3500 (Robert A Barton, |
| 09/21/1993 | | Justice) |
| 09/21/1993 | | Deft Motion #12 allowed (Robert A Barton, Justice) |

| Date | No. | Entry |
|---|---|---|
| 09/21/1993 | | Deft Motion #13 allowed as to the statements of the defendant and all prospective witnesses. (Robert A Barton, Justice) |
| 09/21/1993 | | Deft Motion #14 allowed (Robert A Barton, Justice) |
| 10/21/1993 | | Continued until 11/1/93 for NEM by agreement. |
| 11/01/1993 | | Continued until 11/10/93 for NEM by agreement. |
| 11/01/1993 | | Reporter present: Nancy Lowney |
| 11/01/1993 | 17 | Motion by Commonwealth: For Laboratory Test Of Existing Sample, Filed in Court. |
| 11/01/1993 | 18 | Motion by Commonwealth: For Order For Taking Of Blood And Saliva Samples Of Defendant, With Memorandum, Affidavits And Proposed Order Attached, Filed in Court. |
| 11/01/1993 | 19 | Commonwealth Files Notice Of Discovery I. |
| 11/01/1993 | 20 | Commonwealth Files Notice Of Discovery II. |
| 11/01/1993 | 21 | Commonwealth Files Notice Of Discovery III. |
| 11/01/1993 | 22 | Commonwealth Files Notice Of Discovery IV. |
| 11/10/1993 | | Continued until 12/1/93 for NEM by agreement. |
| 11/10/1993 | | Reporter present: Nancy Lowney |
| 11/30/1993 | 23 | Motion by Commonwealth: For Order For Taking Of Blood And Saliva Samples Of Defendant, With Memorandum And Affidavits In Support Of, Filed In Court. |
| 12/01/1993 | | Continued until 1/19/94 for ATD by agreement. |
| 12/01/1993 | | Reporter present: Nancy Lowney |
| 12/01/1993 | 24 | Deft Files Opposition To Commonwealth's Motion For Order Taking Of Blood Samples. |
| 12/01/1993 | | Comm Motion #23 allowed, there is probable cause to believe that such sample will constitute, or lead to the discovery of material evidence relevant to determination of the defendant's guilt. (Robert A Barton, Justice) |
| 12/01/1993 | 25 | Order Re: Taking Of Samples Of Defendant's Blood And Saliva. (Robert A Barton, Justice) |
| 12/03/1993 | 26 | Commonwealth Files Notice Of Discovery. |
| 12/20/1993 | 27 | Mittimus-To Common Jail Returned With Service. |
| 01/19/1994 | | Continued until 1/21/94 for ATD by agreement. |
| 01/19/1994 | | Reporter present: Nancy Lowney |
| 01/21/1994 | | Continued until 2/23/94 for ATD by agreement. |
| 01/21/1994 | | Reporter present: Nancy Lowney |
| 02/17/1994 | 28 | Motion by Deft: For Bill Of Particulars. |
| 02/17/1994 | 29 | Motion by Deft: For Discovery. |
| 02/23/1994 | | Continued until 3/25/94 for ATD by agreement. |
| 02/23/1994 | | Reporter present: Nancy Lowney |
| 02/23/1994 | 30 | Commonwealth Files Note Of Discovery. |
| 03/25/1994 | | Continued until 5/3/94 for ATD by agrreement. |
| 03/25/1994 | | Reporter present: Nancy Lowney |
| 05/03/1994 | 31 | Motion by Commonwealth: Regarding Destructive Testing. |

| Date | # | Description |
|---|---|---|
| 05/03/1994 | 32 | Commonwealth Files Statement of the Case. |
| 05/03/1994 | | Reporter present: Elizabeth Buchanan. |
| 06/09/1994 | | Motion (P#31) after hearing the mmotion is allowed provided that |
| 06/09/1994 | | arrangment mutually satisfactory to the defendant and the |
| 06/09/1994 | | Commonwealth are made for defendant's expert to be present at the |
| 06/09/1994 | | prepared testing .(Robert H Bohn, Justice) copy to attorney and |
| 06/09/1994 | | district attorney |
| 07/26/1994 | | Continued until 8/3/94 for status (Mary Aufiero, D/C) |
| 08/03/1994 | | Continued until 09/13/94 Status |
| 08/03/1994 | | Reporter present: Elizabeth Buchanan |
| 09/12/1994 | | Continued until 9/26/94 for ATD (Joseph M Marshall, C/M) |
| 09/20/1994 | | Continued until 11/7/94 for motions and trial (Joseph M Marshall, |
| 09/20/1994 | | C/M) |
| 09/30/1994 | 33 | Commonwealth Files Disclosure of Status of Evidence |
| 10/13/1994 | 34 | Commonwealth List of Potential Witnesses Filed in Court |
| 10/13/1994 | 35 | Motion by Commonwealth: For Court Order for the Production of Medical |
| 10/13/1994 | 35 | Records Filed In Court (Re Dr. Singer) |
| 10/13/1994 | 36 | Order Re: Records Of Robert Singer M.D. (Robert A Barton, Justice) |
| 10/13/1994 | 36 | Copy to Adrienne C.Lynch District Attorney |
| 10/13/1994 | 37 | Motion by Commonwealth: For Court Order for the Production of Records |
| 10/13/1994 | 37 | of Lifeline Ambulance Company |
| 10/13/1994 | | Comm Motion (P#37) allowed (Robert H Bohn, Justice) |
| 10/13/1994 | 38 | Order Re: Records Of Lifeline Ambulance (Robert A Barton, Justice) |
| 10/13/1994 | 38 | Copy to Adrienne C.Lynch District Attorney |
| 10/13/1994 | | Continued until 11/14/94 by agreement of counsel for motions ,to be |
| 10/13/1994 | | followed by trial |
| 10/24/1994 | | Records Received from Robert Singer MD and/or Everett Family Practice |
| 10/24/1994 | | Records received from Lifeline Ambulance |
| 11/02/1994 | 39 | Motion by Deft To Suppress Evidence |
| 11/02/1994 | 40 | Affidavit of Michael K Hunter |
| 11/02/1994 | 41 | Motion by Deft: In Limine Concerning the Admission of Certain |
| 11/02/1994 | 41 | Declarations Against Penal Interest |
| 11/02/1994 | 42 | Motion by Deft: In Limine |
| 11/02/1994 | 43 | Motion by Deft: In Limine to Limit the Commonwealth's Theory in the |
| 11/02/1994 | 43 | Case |
| 11/02/1994 | 44 | Motion by Deft: In Limine |
| 11/02/1994 | 45 | Motion by Deft: In Limine to Exclude Missing and Destroyed Evidence |
| 11/02/1994 | 46 | Motion by Deft: In Limine: Prior Convictions |
| 11/02/1994 | 47 | Motion by Deft: For Sequestration of Witnesses |
| 11/02/1994 | 48 | Motion by Deft: For Examination of Jurors |
| 11/02/1994 | 49 | Defendant's List of Potential Witnesses |
| 11/04/1994 | 52 | Deft Files Memorandum of Law in Support of Defendant's Motion to |
| 11/04/1994 | 52 | Suppress Evidence |
| 11/04/1994 | 50 | Motion by Commonwealth: to Exclude Evidence of alleged Bad Acts of a |

| Date | No. | Description |
|---|---|---|
| 11/04/1994 | 50 | Third Party for Inadmissible Purposes filed |
| 11/04/1994 | 51 | Motion by Commonwealth: for a View filed |
| 11/04/1994 | 53 | Commonwealth files Memorandum in Support of Motion to Exclude |
| 11/04/1994 | 53 | Evidence of alleged Bad Acts of a third Party for Inadmissible |
| 11/04/1994 | 53 | Purposes filed |
| 11/14/1994 | 54 | Commonwealth files Memorandum in Opposition to Deft's Motion to |
| 11/14/1994 | 54 | Exclude Missing and Destroyed Evidence filed in court |
| 11/14/1994 | 55 | Affidavit of Trooper Monte Gilardi filed in court |
| 11/14/1994 | 56 | Commonwealth files Memorandum in Opposition to Deft's Motion to |
| 11/14/1994 | 56 | Suppress Evidence filed in court |
| 11/14/1994 | 57 | Commonwealth files Response to Deft's Motion in Limine to Limit the |
| 11/14/1994 | 57 | Commonwealth's Theory in the Case filed in court |
| 11/14/1994 | | Appearance of Commonwealth's Atty: Gerard Leone,Jr (associate atty) |
| 11/14/1994 | | Appearance of Deft's Atty: Daniel Maloney (associate atty) filed in |
| 11/14/1994 | | court |
| 11/15/1994 | | Deft's Motion (see #45) Order: motion denied for reason stated on the |
| 11/15/1994 | | record in open court at the conclusion of the hearing on the motion |
| 11/15/1994 | | (Patrick J King, Justice) |
| 11/15/1994 | | Motion (P#42) allowed (Patrick J King, Justice) |
| 11/15/1994 | | Reporter present: Mary K Hezekiah |
| 11/16/1994 | 58 | Deft's Motion for Payment of Transcription Costs (Expedited) (Nov |
| 11/16/1994 | 58 | 14,15,16 & 17,l994 Motion to Suppress) (Patrick J King, Justice) |
| 11/16/1994 | 59 | Commonwealth files List of Potential Commonwealth Witnesses filed in |
| 11/16/1994 | 59 | court |
| 11/17/1994 | | Motion (P#47) allowed except for within named witnesses (Patrick J |
| 11/17/1994 | | King, Justice) |
| 11/17/1994 | | Motion (P#44) denied see Motion (Patrick J King, Justice) |
| 11/17/1994 | 60 | Commonwealth files Response to Deft's Motion in Limine Concerning the |
| 11/17/1994 | 60 | Admission of Certain Declarations Against Penal Interest filed in |
| 11/17/1994 | 60 | court |
| 11/18/1994 | | Deft's Motion (see #48) Allowed in part, Denied in part (Patrick J |
| 11/18/1994 | | King, Justice) |
| 11/18/1994 | | Motion (P#46)Order: allowed (Patrick J King, Justice) |
| 11/18/1994 | | Jury trial- Juror #8 Pamelia Lipton excused from the panel by the |
| 11/18/1994 | | Court |
| 11/18/1994 | | Reporter present: Joan Cave |
| 11/21/1994 | | Motion (P#41) allowed (Patrick J King, Justice) |
| 11/21/1994 | 61 | Deft's Motion for Approval of Costs of Transcription-testimony of Dr |
| 11/21/1994 | 61 | Stanton Kessler-11/22/94) Allowed (Patrick J King, Justice) |
| 11/28/1994 | | Records received from MCI |
| 12/01/1994 | 62 | Motion by Deft: for Required Finding of Not Guilty offense 001 filed |
| 12/01/1994 | 62 | in court at the close of the Commonwealth's case and after hearing |
| 12/01/1994 | 62 | motion DENIED (Patrick J King, Justice |
| 12/01/1994 | 64 | Commonwealth files Request for Jury Instructions |

| Date | # | Description |
|---|---|---|
| 12/01/1994 | 63 | Motion by Deft: for Required Finding of Not Guilty offense 002 filed |
| 12/01/1994 | 63 | in court at the close of the Commonwealth's case and after hearing |
| 12/01/1994 | 63 | motion DENIED. (Patrick J King, Justice) |
| 12/02/1994 | 65 | Deft's Supplemental Request for Jury Instructions filed in court |
| 12/02/1994 | | Motion (P#65) denied (Patrick J King, Justice) |
| 12/02/1994 | 66 | Deft files Supplemental Request for Jury Instructions filed in court |
| 12/02/1994 | 67 | Deft files Supplemental Request for Jury Instructions filed in court |
| 12/02/1994 | 68 | Deft files Supplemental Request for Jury Instructions filed in court |
| 12/02/1994 | 69 | Deft files Supplemental Request for Jury Instructions filed in court |
| 12/02/1994 | 70 | Deft files Supplemental Request for Jury Instructions filed in court |
| 12/02/1994 | 71 | Motion by Commonwealth: in Limine Regarding Closing Arguments filed |
| 12/02/1994 | 71 | in court |
| 12/02/1994 | | Motion (P#71) allowed (Patrick J King, Justice) |
| 12/02/1994 | | Motion (P#62) renewed at close of all the evidence and after hearing |
| 12/02/1994 | | motion denied (Patrick J King, Justice) |
| 12/02/1994 | | Motion (P#63) renewed at the close of all the evidence and after |
| 12/02/1994 | | hearing motion Denied (Patrick J King, Justice) |
| 12/05/1994 | | Motion (P#43) allowed (Patrick J King, Justice) |
| 12/05/1994 | | After charge and before deliberation jurors #1 Scott Stansfield & #4 |
| 12/05/1994 | | Jean Devereaux were withdrawn from panel Ch234A S44 as amened |
| 12/05/1994 | | (Patrick J King, Justice) |
| 12/05/1994 | 72 | Verdict Slip-Guilty Murder in the First Degree Commonwealth moves for |
| 12/05/1994 | 72 | sentence |
| 12/07/1994 | | RE offense 1: Guilty verdict |
| 12/07/1994 | 73 | Verdict offense #002 Guilty offense as charged |
| 12/07/1994 | | RE offense 2: Guilty verdict |
| 12/07/1994 | | Sentence imposed: offense #001- Massachusetts Correctional |
| 12/07/1994 | | Institution Cedar Junction for a TERM OF LIFE (First Degree) offense |
| 12/07/1994 | | #002 for a term not exceeding twenty years or less than eighteen |
| 12/07/1994 | | years This sentence to be served concurrently with the sentence |
| 12/07/1994 | | imposed this day in 93-1084-00l (Patrick J King, Justice) |
| 12/07/1994 | | Sentence credit given as per 279:33A: 358 credit days |
| 12/07/1994 | | Notified of right of appeal under Rule 64 (Appellate Division) |
| 12/07/1994 | | Notified of right of appeal under Rule 65 (Appeals Court) |
| 12/07/1994 | | Mittimus issued to institution on both offenses |
| 12/07/1994 | | Reporter present: Joan Cave |
| 12/07/1994 | | attested copy of indictments sent to MCI, Cedar Junction |
| 12/13/1994 | 74 | Mittimus offenses 001 & 002 returned with service endorsed thereon |
| 12/13/1994 | | Exhibits List-Exhibits in Exhibit Room not EJS vault |
| 12/28/1994 | | Court Reporter Joan Cave is hereby notified to prepare one copy of |
| 12/28/1994 | | the transcript of the evidence of Nov 14th,l6th,l7th, l994 motions |
| 12/28/1994 | | and Nov l8th, 21st, 22nd, 23rd, 28th, 29th, 30th and Dec.lst, 2nd, |
| 12/28/1994 | | 5th, 6th and 7th, l994 trial before King, J. (If you have any other |
| 12/28/1994 | | notes that are relevant to this Appeal please forward them to us) |

| Date | # | Description |
|---|---|---|
| 12/29/1994 | 79 | Notice of Appeal |
| 12/29/1994 | 75 | Memorandum of Decision on Defendant's Motion to Suppress Evidence: In |
| 12/29/1994 | 75 | conclusion, for the foregoing reasons, the court denied the |
| 12/29/1994 | 75 | defendant'sd motion to suppress at the conclusion of the hearing on |
| 12/29/1994 | 75 | No.l7, l994 (Patrick J King, Justice) copy sent both sides |
| 12/29/1994 | 76 | Motion by Deft: for Renewed Motion for Required Finding of Not Guilty |
| 12/29/1994 | 77 | Motion by Deft: To File Late Renewed Motion for Required Finding of |
| 12/29/1994 | 77 | Not Guilty |
| 12/29/1994 | 78 | Motion by Deft: to Correct Confinement Credit |
| 12/29/1994 | 80 | Withdrawal of appearance requested by atty Muse |
| 12/29/1994 |  | Transcript received from Mary K Hezekiah - Nov l5, l994 Motion to |
| 12/29/1994 |  | Suppress before King, J (2 volumes) |
| 01/17/1995 | 81 | Appointment of Counsel Weinstein |
| 01/18/1995 |  | Motion (P#77) Allowed Per Phone From Justice King. Both sides |
| 01/18/1995 |  | notified |
| 02/27/1995 |  | Appearance of Deft's Atty: Weinstein |
| 05/03/1996 | 82 | Motion by Deft: for funds to reproduce trial records with an |
| 05/03/1996 | 82 | affidavit in support of |
| 05/16/1996 | 83 | Two sets, five volumes in each set of the transcript of evidence |
| 05/16/1996 | 83 | delivered to the office of the Clerk of Courts this day. (11/14, 15, |
| 05/16/1996 | 83 | 15, 16 & 17/94-Motion to Suppress, E. Joan Cave & Mary K. Hezekiah, |
| 05/16/1996 | 83 | Court Reporters) |
| 05/16/1996 | 84 | Two sets, twelve volumes in each set of the transcript of evidence |
| 05/16/1996 | 84 | delivered to the office of the Clerk of Courts this day. (11/18, 21, |
| 05/16/1996 | 84 | 22, 23, 28, 29, 30/94 & 12/1, 2, 6 & 7/94-trial & disposition, E. |
| 05/16/1996 | 84 | Joan Cave, Court Reporter) |
| 05/16/1996 | 85 | Notice of assembly of record:Two certified copies of docket entries, |
| 05/16/1996 | 85 | two sets of the transcript of evidence and a list of exhibits sent to |
| 05/16/1996 | 85 | the Clerk of the Supreme Judicial Court this day. |
| 05/16/1996 |  | Notice of assembly of record sent to Elliot Weinstein, Esq. and |
| 05/16/1996 |  | Thomas Reilly, District Attorney. |
| 05/16/1996 |  | Order on defendant's motion #82, allowed for reasonable reproduction |
| 05/16/1996 |  | costs upto a maximum of $350.00 (Patrick J King, Justice) |
| 11/08/1996 |  | Two sets, one page of the transcript of evidence delivered to the |
| 11/08/1996 |  | office of the Clerk of Courts this day. (Corrected page from #84 |
| 11/08/1996 |  | volume 3 page 121, date 11/22/94, E. Joan Cave, Court Reporter) |
| 11/08/1996 |  | Two revised certified copies of the docket entries together with two |
| 11/08/1996 |  | sets, one page from #84 volume #3, page #121, date 11/22/94, of the |
| 11/08/1996 |  | transcript of evidence sent to the Clerk of the Appeals Court this |
| 11/08/1996 |  | day. (SJC 7213) (Atty. Elliot Weinstein & Thomas Reilly, District |
| 11/08/1996 |  | Attorney notified) |
| 01/30/1997 | 86 | Two sets,one volume in each set of the transcript of evidence |
| 01/30/1997 | 86 | delivered to the office of the Clerk of Courts this day (Nov l7, |
| 01/30/1997 | 86 | l994-Vol M3-Part 2 Motion to Suppress) E. Joan Cave, Court Reporter |

| Date | # | Entry |
|---|---|---|
| 01/30/1997 | | Two revised certified copies of the docket entries together with two |
| 01/30/1997 | | sets, one volume of the transcript of evidence - Nov l7, l994 Vol |
| 01/30/1997 | | M3-Part 2-sent to the Clerk of the Supreme Judicial Court this day. |
| 01/30/1997 | | (SJC #7213) Atty Elliot Weinstein & Thomas Reilly, District Attorney |
| 01/30/1997 | | notified) |
| 02/20/1998 | 87 | Rescript rec'd from S.J.C. ORDERED, that the following entry be in |
| 02/20/1998 | 87 | the docket; viz.,-- Judgments afffirmed. By the Court, Susan Mellon |
| 02/20/1998 | 87 | Assistant Clerk. (see # 87 case #93-1084 002) |
| 03/14/2001 | 88 | Pro Se Motion by Deft: To Waive the Fees amd Costs for the Collection |
| 03/14/2001 | 88 | and Processing of Deoxyribonucleic Acid (DNA) Performed by Prison |
| 03/14/2001 | 88 | Medical Staff with an Affidavit of Indigency and Request for Waiver, |
| 03/14/2001 | 88 | Substitution or State Payment of Fees and Costs. (copy to Judge King) |
| 05/25/2001 | | Motion (P#88) ORDER: Motion denied (Patrick J. King, Justice) deft., |
| 05/25/2001 | | D.A. notified & certified copy sent to institution |
| 10/27/2003 | 89 | Motion by Deft: for a New Trial with Affidavit and Memorandum in |
| 10/27/2003 | 89 | Support Thereof Attached thereto. |
| 11/17/2003 | 90 | PROCEDURAL ORDER: The defendant has file a motion for post |
| 11/17/2003 | 90 | conviction relief. The Court ORDERS that the Commonwealth file a |
| 11/17/2003 | 90 | reponse to the defendants pending motion on or before December 12, |
| 11/17/2003 | 90 | 2003 |
| 12/11/2003 | 91 | Motion by Commonwealth: to Extend time for filing Memorandum of Law |
| 12/11/2003 | 91 | In Opposition to Defendants Motion for a New Trial |
| 12/11/2003 | 92 | Affidavit of Marguerite Grant in Support of Commonwealths Motion to |
| 12/11/2003 | 92 | Extent time for filing Memorandum of Law in Opposition to Defendants |
| 12/11/2003 | 92 | Motion for New Trial |
| 01/09/2004 | 93 | Second Motion by Commonwealth: to Extend Time for Filing Memorandum |
| 01/09/2004 | 93 | of Law in Opposition to Defendant's Motion For a New Trial (copy to |
| 01/09/2004 | 93 | Judge Graham) |
| 01/12/2004 | 94 | Commonwealth files Affidavit of Marguerite T. Grant in Support of |
| 01/12/2004 | 94 | Commonwealth's Second Motion to Extend Time For Filing Memorandum of |
| 01/12/2004 | 94 | Law In Opposition to Defendent's Motion For A New Trial. |
| 02/03/2004 | | Motion (P#93) allowed Quinlan, J |
| 02/26/2004 | 95 | Motion by Deft: Pro Se Motion To Compel Reply (copy Quinlan, J.) Copy |
| 02/26/2004 | 95 | ADA |
| 03/22/2004 | 96 | Commonwealth files Memornadum of Law in Opposition to Defendants |
| 03/22/2004 | 96 | Motion for a New Trial |
| 04/23/2004 | 97 | ORDER REFERRING DEFENDANTS MOTION FOR NEW TRIAL: The defendant has |
| 04/23/2004 | 97 | filed a Motion for New Trial. The Motions are assigned to Brassard, |
| 04/23/2004 | 97 | J in the 2nd Criminal Session ( CourtRoom 12B for determination. |
| 04/23/2004 | 97 | (Regina Quinlan, Regional Administrative Justice ) |
| 05/18/2004 | 98 | Motion by Deft: to Stay Proceedings( Sent to Brassard, J) |
| 06/15/2004 | 99 | Letter received from CPCS: Because the defendant in the above |
| 06/15/2004 | 99 | entitled case has no automatic right to counsel under the laws of the |
| 06/15/2004 | 99 | Commonwealth or the rules of the supreme judicial court (GLc 211D, |

| Date | No. | Description |
|---|---|---|
| 06/15/2004 | 99 | Sec 5) in this proceeding, I assigned this case to a member of the |
| 06/15/2004 | 99 | Committee for Public Counsel Services Post-Conviction Collateral |
| 06/15/2004 | 99 | Screening Panel The assigned attorney was directed to review this |
| 06/15/2004 | 99 | case and advise my designee, CPCS Director of Criminal Appeals, |
| 06/15/2004 | 99 | Private Counsel Division,whether we should exercise my statutory |
| 06/15/2004 | 99 | authority of 211D sec 6(b)(iii) to appoint private counsel We have |
| 06/15/2004 | 99 | decided not to assign counsel in this matter The Committee has |
| 06/15/2004 | 99 | informed the defendant of that decision We have also explained that |
| 06/15/2004 | 99 | we have a packet of materials describing how a prisoner can proceed |
| 06/15/2004 | 99 | pro se |
| 06/16/2004 |  | Motion (P#98) After review of the papers, including the decision of |
| 06/16/2004 |  | the Committee not to assign counsel, Denied (Brassard,J) |
| 06/25/2004 | 100 | MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS MOTION FOR A NEW |
| 06/25/2004 | 100 | TRIAL. The Defendants Motion for a New Trial is Denied. Brassard, J |
| 07/13/2004 | 101 | NOTICE of APPEAL FILED by Michael K Hunter on Memorandum of Decision |
| 07/13/2004 | 101 | and Order on Defendant's Motion For A New Trial |

## Charges

2 Charges for Docket: MICR1993-01084

| No. | Charge Description: | Indictment: | Status: |
|---|---|---|---|
| 1 | Robbery, unarmed, victim 65+ | MIDA93-01084 | Guilty verdict |
| 2 | Murder, 1st degree | MIDA93-01084 | Guilty verdict |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.