```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


MICHAEL K. HUNTER,              )
     Petitioner,                )
                                )
     v.                         )    C.A. No. 05-10904-NG
                                )
SUPERINTENDENT LUIS SPENCER     )
     Respondent.                )
```

MEMORANDUM AND ORDER RE: APPOINTMENT OF COUNSEL

For the reasons stated below, petitioner is granted twenty-eight (28) days from the date of this Memorandum and Order to advise the Court whether he will accept Court appointed counsel.

DISCUSSION

On April 28, 2005, petitioner Michael Hunter, now incarcerated at MCI Norfolk filed his self-prepared petition under 28 U.S.C. § 2254 for writ of habeas corpus challenging his 1994 Middlesex Superior Court convictions for murder and unarmed robbery of victim over 65. See Petition.

By Order dated May 6, 2005, petitioner's Application to Proceed Without Prepayment of Fees was granted and the petition was served. See Docket. Now before the Court are respondent's motion to dismiss the petition as time-barred under the applicable limitations period and petitioner's opposition. See Docket.

Although plaintiff has not sought appointment of counsel, the Court finds that this action warrants the appointment of

counsel to represent petitioner.  The Court recognizes that appearances in federal court are governed by 28 U.S.C. § 1654,[1] and that non-attorneys are free to represent themselves in a lawsuit.  <u>See</u> Local Rule 83.5.3(c) ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf.").

Title 18 U.S.C. §3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. § 2254.  Funds for representation are payable as prescribed in Criminal Justice Act.  Appointment of counsel may be provided if the Court determines the "interests of justice so require".  18 U.S.C. §3006A(2)(B).

In the instant action, petitioner was granted <u>in forma pauperis</u> status and the Court deems petitioner indigent for purposes of appointment of counsel.  However, it is not apparent from the pleadings whether petitioner would accept representation by counsel.

ORDER

Accordingly, it is hereby ORDERED that petitioner is granted twenty-eight (28) days from the date of this Memorandum and Order to advise the Court whether he will accept representation by

---

[1] Section 1654 states in pertinent part that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.

Court appointed counsel.

SO ORDERED.

| | |
|---|---|
| November 8, 2005 | /s/ Nancy Gertner |
| DATE | NANCY GERTNER |
| | UNITED STATES DISTRICT JUDGE |