UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
MICHAEL HUNTER,                          ) No. 05-CV-10904-NG
                                         )
               Petitioner,               )
                                         )
       v.                                )
                                         )
LUIS SPENCER                             )
               Respondent.               )
_____)
```

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

Petitioner, MICHAEL HUNTER, by and through his attorney of record, hereby submits to this Honorable Court the following supplemental memorandum of law in opposition to Respondent's motion to dismiss the 28 U.S.C. § 2254 Petition:

Respondent LUIS SPENCER asserts in his Motion to Dismiss that the one year statute of limitations of the Anti Terrorism and Effective Death Penalty Act (AEDPA)(1996), 28 U.S.C. § 2244(d), bars Petitioner's claims.  At the time of filing said motion Respondent was apparently unaware that the instant Petition is a refiling of a Petition filed in 1998, Dkt. # 98 CV 12500-JLT, which was "dismissed" for failure to exhaust several of his claims in a Massachusetts tribunal.[1]  Following the

---

[1] Respondent asserts in its motion, fn.1,  that "it is clear from the face sheet and the attached docket sheets that [the Petition] is time barred" because it was filed after May 1999,

1

dismissal Petitioner filed a M.R.Cr.P.. Rule 30 motion for new trial in 2003 raising the unexhausted claims. Said motion was denied on June 25, 2004 and the instant action filed well within one year of the denial of motion for new trial.

At issue herein is whether the one year statute of limitations of 28 U.S.C. § 2244(d) is "equitably tolled" by the dismissal of the original Petition, which was a "mixed petition within the meaning of Rose v. Lundy, 455 U.S. 509 (1982),"[2] in order to exhaust state claims.

The United States Court of Appeals for the First Circuit, held in Neverson v. Farquharson, 366 F.3d 32, 34, 41 (1st. Cir. 2004) that equitable tolling may apply under § 2244(d)(1) in appropriate cases. The court noted that "[e]very other circuit to address this question has reached the same conclusion." Id. at 41. See also: Brackett v. United States, 270 F.3d 60, 67 (1st Cir. 2001) which had held that "the jurisprudence under § 2254, through § 2244, suggests a strong concern for finality, *possibly leavened in instances of clear injustice by narrow safety values of either equitable tolling* or a stay of a premature federal

---

more than one year following the SJC's decision in Commonwealth v. Hunter, supra. Following the status conference this memorandum will assume that the motion was amended to assert that it remains time barred following the dismissal of the original Petition.

[2] See Order of Magistrate Judge Lawrence Cohen, January 11, 1999,

petition," *emphasis added*.  In  Delaney v. Matesanz, 264 F.3d 7, at 14 n.5 (1st Cir. 2001),  the First Circuit has further indicated that: "[w]e especially commend [a stay] to the district courts in instances in which the original habeas petition, though unexhausted, is timely filed, but there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely."

In this District, Judge Saris, in denying a motion to dismiss,  held that equitable tolling was an appropriate remedy in circumstances similar to the case at bar. See Wojick v. Spenser, 198 F.Supp 1 (2002).  Finding support in Justice Stevens' concurring opinion in Duncan v. Walker, 533 U.S. 167, 183, 121 S. Ct. 2120, 2129, 150 L. Ed. 2d 251 (2001) . In Duncan Justice Stevens indicated that "neither the Court's narrow holding [therein], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity."

In Wojick, like here, the Petitioner had returned to state court to file a motion for new trial on his unexhausted claims following dismissal of his mixed claim petition pursuant to Rose v. Lundy,455 U.S. 509, 522, 102 S. Ct. 1205, 71 L.ED. 2d 379 (1982). Judge Saris concluded that "the landscape of the Rose Garden has changed." Id. Now, petitions are stayed pending

3

resolution of the unexhausted claims. See Delaney v. Matesanz, supra, 264 F.3d 7, at 14 n.5.

Respondent will likely argue that Mr. HUNTER was dilatory in the prosecution of his state claim by way of his M.R.Cr.P. Rule 30 motion for new trial until October 2003. Mr. HUNTER recognizes that "the party seeking to invoke equitable tolling, [and he] bears the burden of establishing the basis for it. Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir.2002). As set forth in the attached affidavit, the delays caused by Mr. HUNTER's attempt to exhaust his state remedies, following the dismissal of his mixed petition, were not his own fault but were caused by the state authorities losing the legal paperwork that was necessary for him to file the motion for new trial in state court. After the loss of the legal file he diligently sought to replace the documents through his trial and appellate attorneys. Once the motion for new trial was denied, Mr. HUNTER expeditiously returned to federal court. The principle factor which caused the delay were not his own inaction but rather the state's own misconduct in losing a prisoner's legal paperwork. Mr. HUNTER, therefore, meets the standard that equitable tolling is appropriate "when circumstances beyond the petitioner's control have prevented him from filing on time. Neverson v. Farquharson, aupra 366 F.3d at 42 *citing* Lattimore, 311 F.3d at 55.

Importantly, Mr. HUNTER's initial Petition contained exhausted fifth amendment claims that he respectfully submits are meritorious and deserving of review.  Mr. HUNTER had allegedly "confessed" during several (late night) interrogations that followed his initial post arrest exercise of his Miranda right to refuse to speak to the police. Interrogations following such refusal would appear to violate the mandates of Edwards v. Arizona, 451 U.S. 477; 101 S. Ct. 1880; 68 L. Ed. 2d 378 (1981) and Arizona v. Roberson, 486 U.S. 675; 108 S. Ct. 2093; 100 L.Ed. 2d 704 (1988).  While this is not the time to argue the merits of the Petition(s), it is important to note because under current law Mr. HUNTER would have had his Petition stayed and, at a minimum, his initial exhausted claims would have been preserved. See Neverson v. Farquharson, 366 F.3d at 42.

Further, Mr. HUNTER, was not informed that his exhausted claims would be barred if he were to chose to proceed with his unexhausted claims in state court.  Although one court has held that the failure to afford a state habeas petitioner the chance to abandon unexhausted claims rather suffer a dismissal of the exhausted claims was error, see Tilema v. Long, 253 F. 3d 494, 502 (9th Cir. 2001), the Supreme Court has found that there is no such requirement of federal judges. Pliler v. Ford, 542 U.S. 225, 234; 124 S. Ct. 2441, 2447; 159 L. Ed. 2d 338, 350 (2004). (Decision "limited to the narrow question whether the

notifications crafted by the Ninth Circuit must be given." <u>Id</u>. Connor, J. concurring).  Justices Ginsburg and Breyer (agreed with in the concurring opinion of Justices Stevens and Souter) in dissent, indicated support for the stay and abeyance procedure (adopted by the First Circuit in <u>Delaney</u>)  which would "recognize[] the comity interests that *Rose* identified, and it reconciles those interests with the longstanding constitutional interest in making habeas corpus available to state prisoners." <u>Id</u>. at 239, Breyer, J. *separate dissenting opinion.*  The stay and abeyance procedure was explained as follows:

>  1) unexhausted claims are dismissed from the federal petition;
>  (2) exhausted claims are retained in federal court, but are stayed pending exhaustion in state court of the dismissed unexhausted claims; and
>  (3) post-exhaustion in state court, the original federal petition is amended to reinstate the now exhausted claims, which are then deemed to relate back to the initial filing <u>Id</u>. at 235,

As noted above, if the stay and abeyance procedure was in effect at the time Mr. HUNTER's initial petition was dismissed, the court would have retained jurisdiction over the exhausted federal claims pending resolution of the unexhausted state claims.

Judge Saris in <u>Wojick</u>, <u>supra</u>, found that the following factors justified the granting of equitable tolling of the statute of limitations: the delays were not the fault of the petitioner, the petitioner was not advised of the consequences of

the dismissal of the mixed petition, and "caselaw was in flux" at the time of filing, 198 F. Supp. 2d at 8. Equally here, all those factors apply. Additionally, Mr. HUNTER did not receive the benefit of the stay and abeyance procedure, which would, at a minimum, have preserved his initial exhausted claims, the dismissal of which would cause a "*clear injustice*."

WHEREFORE, for each of the foregoing reasons, Petitioner respectfully requests this Honorable Court to deny Respondent's motion to dismiss.


Date:  July 18, 2006               Respectfully submitted,

                                   MICHAEL HUNTER,
                                   By his attorney,

                                   *s/Michael C. Bourbeau*

                                   Michael C. Bourbeau (BBO #545908)
                                   Bourbeau and Bonilla
                                   77 Central St, 2nd Floor
                                   Boston, MA 02109
                                   (617) 350-6565


**Certificate of Service**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.
*S/ Michael C. Bourbeau*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL HUNTER,                    ) No. 05-CV-10904-NG
                                   )
            Petitioner,            )
                                   )
       v.                          )
                                   )
LUIS SPENCER                       )
                                   )
            Respondent.            )
_____)

**AFFIDAVIT**

I, Michael K. Hunter, hereby depose and state the following to be true to the best of my own personal knowledge, information and belief:

I am the petitioner in the above entitled matter. Ever since my initial appeal was lost before the Massachusetts Supreme Judicial Court, Commonwealth v. Hunter, 426 Mass. 715 (1998), I have operated as my own attorney. While attempting to seek appropriate avenues of judicial review I have constantly been incarcerated with little access to law books and, most importantly, relevant documents from my legal file.

On December 7, 1994, I was convicted at the Middlesex Superior Court for first degree murder and unarmed robbery of a person over 65 years of age.

1

From December 1994 until the filing of my current petition, I have attempted to obtain all records relevant to my case through my trial attorney, Mr. Christopher J. Muse, my appellate attorney, Mr. Elliot M. Weinstein, as well as the Middlesex Superior Court.

In correspondence with Mr. Muse, I was informed that all documentation pertaining to my case had been turned over to Mr. Weinstein to prepare my appeal. In correspondence with Mr. Weinstein, I expressed a desire to have a copy of my trial file given to me so I could assist him in the preparation of my appeal as well as continue with the prosecution of this writ of habeas corpus.

Mr. Weinstein began to send to me by piece mail all manner of documentation, in no sequential order over the next few years during the pendency of my appeal. Following the loss of my appeal in March of 1998 I utilized those materials in the filing of my original Petition for habeas corpus in December 1998. That Petition was dismissed in March of 1999 because I had not exhausted some of the state claims. At that time I was not informed that my exhausted claims, including a fifth amendment claim based on the refusal of the trial court to suppress involuntary statements, might be time barred if I did not waive my unexhausted claims.

While incarcerated by the Massachusetts Department of Corrections I was housed at several institutions. Upon my transfer from MCI - Bridgewater (O.C.C.C.). to MCI - Cedar Junction (Walpole), in October 1998 approximately five thousand pages of referenced material was lost, damaged, destroyed or stolen through agents of the Commonwealth. I filed the initial habeas Petition with my available resources in order to protect the statute of limitations from running.

Following dismissal of the Petition and finding the loss of my legal documents detrimental to my filing of action, I began to obtain these lost documents again through any avenue available to me. With the assistance of my mother, Rev. Dr. Renee P. Jackson, I have been able to acquire only a small sampling of the documents lost. I have continued to request documentation from Mr. Muse and Mr. Weinstein as recently as April 2004, as well as from Mr. Muses' co - chair, Mr. Daniel Maloney. See attached correspondence. As of this date, there is still a great deal of legal documents missing and not in my control or custody through no fault of my own.

While searching for my relevant legal paperwork I did request that the Commonwealth conduct DNA testing at government expense in March of 2001, however that request was denied.

In October 2003 I filed my motion for new trial based on the documents that I had available to me, all in an attempt to address the sixth amendment ineffective assistance of counsel claim which caused the initial dismissal because of failure to "exhaust" those claims in state court. My fifth amendment claims based on the rejection of my motion to suppress my post arrest statements had been fully litigated and addressed in the SJC and were raised in the original petition.

In June 2004 my motion for new trial was denied and I thereafter filed this action in April 2005 to address all previously raised and now exhausted issues in federal court.

Signed under the pains and penalties of perjury on this 17 day of July, 2006.

Date: July 17, 2006

MICHAEL K. HUNTER

*/s/ Michael K. Hunter/*

Respectfully submitted,

MICHAEL K. HUNTER,
By his attorney,

*/s/ Michael C. Bourbeau*

Michael C. Bourbeau (BBO #545908)
Bourbeau and Bonilla
77 Central St, 2nd Floor
Boston, MA 02109
(617) 350-6565

**Certificate of Service**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.
*/s/ Michael C. Bourbeau*

4