UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL HUNTER<br>　　　Petitioner,<br><br>v.<br><br>LUIS SPENCER<br>　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-10904-NG |

### RESPONSE TO PETITIONER'S SUPPLEMENTAL
### MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

This memorandum is submitted in response to the petitioner's supplemental memorandum in opposition to the respondent's motion to dismiss. The respondent maintains that the habeas corpus petition should be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

### PRIOR PROCEEDINGS

On July 1, 1993, a Middlesex County grand jury returned indictments against the petitioner for unarmed robbery and first degree murder. A jury trial commenced on November 16, 1994, (Justice Patrick King, presiding). See docket, p. 7. On December 7, 1994, the jury found the petitioner guilty of both indictments. Judge King sentenced the petitioner to a life sentence for the murder conviction and to and concurrent term of eighteen to twenty years on the unarmed robbery conviction. The petitioner filed a notice of appeal on December 29, 1994. The Supreme Judicial Court affirmed the petitioner's convictions on February 20, 1998. *Commonwealth v. Hunter*, 426 Mass. 715, 690 N.E.2d 815 (1998).

On December 3, 1998, the petitioner filed a habeas corpus petition (docket no. 98-12500-JLT), which was dismissed for lack of exhaustion on March 19, 1999. On October 23, 2003, the petitioner filed a motion for new trial. Judge Brassard denied this motion on June 25, 2004. The petitioner claims to have filed an application for leave to appeal the denial of his new trial motion, but that the SJC has not ruled on the application.[1]

## *ARGUMENT*

I. **THE HABEAS CORPUS PETITION MUST BE DISMISSED WHERE THE PRIOR HABEAS PETITION DID NOT TOLL THE STATUTE AND WHERE THE PETITIONER IS NOT ENTITLED TO EQUITABLE TOLLING.**

In his motion to dismiss, the respondent argued that the habeas corpus petition should be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). In the motion, the respondent did not acknowledge that the petitioner had filed a prior habeas corpus petition in 1998. However, the Supreme Court has made it clear that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Therefore the statute of limitations was not tolled during the pendency of the petitioner's first habeas corpus petition and the one year limitation expired on May 20, 1999. Petitioner's motion for new trial was not filed until October 23, 2003, more than four years after the first habeas corpus petition was dismissed.

Because the present habeas petitioner is clearly time-barred, the petitioner must rely on the doctrine of equitable tolling. "In the AEDPA environment, courts have indicated that

---

[1] The SJC for Suffolk County confirmed that they had received an application to proceed in forma pauperis and a "petition for leave to be heard on the original record" in August 2004, but had not received the proper documents that would constitute an application for leave to appeal.

equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001). "Generally, a petitioner seeking equitable tolling bears the burden of establishing two elements: 1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner has failed to establish either of these requirements. First, by waiting four years after his habeas petition was denied to file a motion for new trial, the petitioner did not act diligently in pursuing his rights. Although he argues that the delay was caused by the loss of his paperwork by prison authorities, which constituted extraordinary circumstances, he avers in his affidavit that he filed the initial habeas petition with his available resources in order to protect the statute of limitations from running (Affidavit, p. 3, ¶ 1). Thus, at the time his habeas petition was denied, he was aware not only of the basis for his claims, but also of the statute of limitations. He does not set forth any reason why he could not have advanced the unexhausted claims in a motion for new trial immediately after the habeas petition was denied. Indeed, at the time the first habeas petition was denied, petitioner still had two months remaining in the statute of limitations in which to file a motion for new trial, which would have tolled the statute under § 2244(d). Thus, petitioner was not in the "class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realized that one or more claims have not been exhausted." *Wojcik v. Spencer*, 198 F.Supp.2d 1, 2 (D.Mass 2002).

Petitioner's reliance on *Wojcik* does not assist his claim for equitable tolling. In

*Wojcik*, the petitioner's first habeas petition was pending for over a year when it was dismissed as a mixed petition and the unexhausted claims were time-barred as soon the petitioner was dismissed. After the district court denied Wojcik's motion for reconsideration, he filed his motion for new trial in state court two months later. *Wojcik*, 198 F.Supp. 2d at 2-3. After the motion was denied, Wojcik appealed, and after his application for further appellate review was denied, he filed his second habeas petition two months later. *Id*. at 3.

The lengthy delays in the instant case do not support equitable tolling. While it is true that the petitioner in this case was not informed that dismissal of his mixed petition might bar his exhausted claim, the Supreme Court has held that there is no such requirement of federal judges. *Pliler v. Ford*, 542 U.S. 225, 234 (2004).

The circumstances in this case are more akin to those in *Delaney*, 264 F. 3d at 14-16, in which the First Circuit found no basis for equitable tolling. In *Delaney*, the petitioner waited over two years after his conviction became final (and ten months after the AEDPA's effective date) to promulgate his first habeas petition. He did nothing during that protracted period to exhaust state remedies on his unexhausted claim. He then withdrew the petition in the face of the one-year limitation period without asking the district court to retain jurisdiction. In this case, the petitioner's four year delay between the time his first petition was denied and the filing of his motion for new trial in state court simply does not meet the requirements for equitable tolling and his petition should be dismissed as time-barred.[2]

---

[2] One of the petitioner's claims in his habeas petition is that his attempts to exhaust state claims have been futile because the SJC refuses to respond to his petitions. The SJC for Suffolk County confirmed that they received an application to proceed in forma pauperis and a "petition for leave to be heard on the original record" in August 2004, but had not received the proper documents that would constitute an

## *CONCLUSION*

For the foregoing reasons, the petition for habeas corpus relief should be dismissed with prejudice.

Respectfully submitted,
THOMAS F. REILLY
Attorney General

/s/ Susanne G. Reardon
Susanne G. Reardon, BBO # 561669
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2832

Date: August 10, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on the above date.

/s/ Susanne G. Reardon
Susanne G. Reardon
BBO # 561669

---

application for leave to appeal. Therefore, where the petitioner has failed to properly present his claims to the SJC, the claims are also not exhausted. See *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925) ("a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted").